UNITED STATES v. INMAN-POULSEN LUMBER CO.

(District Court, D. Oregon. February 23, 1914.)

No. 6202.

1. PUBLIC LANDS (§ 13*)—TIMBER CUT FROM PUBLIC DOMAIN—RIGHT OF POSSESSION.

An action by the United States to recover the value of timber cut from the public domain is essentially in trover, and cannot be sustained unless plaintiff shows a general or special property in the timber cut and a right to the possession thereof at the commencement of the action.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 16–18; Dec. Dig. § 13.*]

2. PUBLIC LANDS (§ 88*)—RAILROAD GRANT—RELINQUISHMENT—CUTTING TIMBER—RIGHTS OF UNITED STATES.

Act July 1, 1898, c. 546, 30 Stat. 620, provides for the relinquishment and exchange of certain lands within the Northern Pacific grant and declares that all right, title,.and interest of the railroad company or its grantees in land relinquished shall revert to the United States, and such tracts shall be treated in the same manner as if no rights thereto had ever vested in the railroad grantee. *Held*, that such provision refers to the title and the treatment of the land after relinquishment, and does not vest in the government title to the land or timber growing thereon, or right to possession prior to relinquishment, or any right of action that the railroad company may have had for timber taken from the land by a trespasser while the land was included in the grant prior to relinquishment.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 235, 266–269; Dec. Dig. § 88.*]

Action by the United States against the Inman-Poulsen Lumber Company. On demurrer to complaint. Sustained.

John J. Beckman, Asst. U. S. Atty., of Portland, Or., for the United States.

Judge W. M. Cake, of Portland, Or., for defendant.

BEAN, District Judge. The action is to recover the value of timber, cut and removed from 160 acres of land by one Stanley, and purchased by the defendant. The land from which the timber was removed is within the limits of the grant by Congress to the Northern Pacific Railroad Company, of July 2, 1864 (13 Stat. at Large, 365, c. 217), to aid in the construction of its road, and was duly patented to the company on May 24, 1895. On May 2, 1905, it was listed by the Secretary of the Interior for relinquishment to the government, under the Act of July 1, 1898, c. 546, 30 Stat. at Large, 620, which provides that where certain lands within the grant have been disposed of by the United States or settled upon or claimed in good faith by any qualified settler prior to January 1, 1898, under color of title or claim of right under some law of the United States or ruling of the Interior Department, and the settler or purchaser refuses to transfer his entry as therein provided, the railroad grantee or its successor may upon a proper relinquishment of such land select an equal quantity of public land in lieu thereof. The land was actually conveyed to the United States by the railroad company on January 3, 1908. On the same day

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date,.& Rep'r Indexes

Stanley's application for a homestead entry thereon was allowed, in which he claimed settlement prior to January 1, 1898; but such entry was relinquished in April following. During the years 1900 to 1903, prior to the allowance of his homestead application, and while the title to the land was in the railroad company, Stanley cut and removed a large quantity of timber therefrom, and sold the same to the defendant.

The plaintiff brings this action to recover the value of such timber, claiming that the effect of the relinquishment of the land to the government by the railroad company, after the timber had been cut and removed, is to vest in the government a right of action therefor. There is no averment that the timber was cut and removed without the knowledge or consent of the railroad company, or that the land from which it was cut had been disposed of by the United States to any one other than the railroad company, prior to January 1, 1898, or had been settled upon or claimed in good faith prior to that date by any qualified settler under any law of the United States or ruling of the Interior Department. The defendant has demurred to the complaint, and in my judgment it should be sustained.

[1, 2] The action is essentially in trover, and to entitle the plaintiff to recover it is necessary for it to show a general or special property in the timber cut and a right to the possession of the same at the commencement of the action. 38 Cyc. 1004 et seq.; United States v. Loughrey, 172 U. S. 206, 19 Sup. Ct. 153, 43 L. Ed. 420. And this it does not do. On the contrary, it appears from the complaint that the title to the land, and consequently to the timber growing thereon, was in the railroad company at the time the timber was cut and removed, and presumably the land was in the possession of the company through some one holding under it. After the timber had been cut and removed, the land was relinquished to the plaintiff, as provided in the Act of July 1, 1898; but I can find nothing in such act which vests or is intended to vest in the government a right of action for timber cut and removed prior to such relinquishment. The provision that all right, title, and interest of the railroad company or its grantees in land relinquished "shall revert to the United States, and such tracts shall be treated, under the laws thereof, in the same manner as if no rights thereto had ever vested in the said railroad grantee," has reference to the title and the treatment thereof after the relinquishment, and does not vest the government with the title to the land or the timber growing thereon, or the right to possession thereof, prior to relinquishment, or with any right of action the railroad company may have had for the timber. The act provides when and under what circumstances the railroad company or its grantee might make a relinquishment, but an actual relinquishment was necessary to vest title in the government. Until the land was actually relinquished, the legal title, with the ownership of the timber growing thereon, was in the railroad company, and the United States could not have maintained an action for trespass against one going thereon and cutting and removing the timber therefrom. United States v. Loughrey, 172 U. S. 206, 19 Sup. Ct. 153, 43 L. Ed. 420. The case of Humbird v. Avery, 195 U. S. 506, 25 Sup. Ct. 123, 49 L. Ed. 286, was a controversy between purchasers from the

,railroad company and parties claiming under color of title under some law of the United States or ruling of the Interior Department, and involved a question of title only, and not the right acquired by the United States by a relinquishment regularly made.

As the government had no title to the land or timber at the time the timber was cut and removed or the action commenced, it cannot, in my judgment, maintain an action to recover the value thereof.